UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DALTON JAMES BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  4:16-cv-00140-RLY-TAB |
| | ) |
| HEALTHCARE REVENUE RECOVERY | ) |
| GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Dalton James Barnett, alleges Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG"), sent him a collection letter which violated multiple sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* HRRG now moves to dismiss Plaintiff's Complaint. For the reasons explained below, the court **GRANTS** HRRG's motion.

**I.   Background**

On July 16, 2016, Plaintiff received a letter from HRRG seeking payment of his alleged medical debt. (Filing No. 1, Compl. ¶ 13). The letter states as follows:

> Some time ago, the health care provider(s) listed hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance shown below. Despite our collection efforts, all or at least part of your balance remains outstanding. **As such, we are writing to advise you that we are evaluating this account for potential sale to a debt buyer; for placement with another collection agency; or for transfer to ARS Account Resolution Services (ARS), a division of HRRG.**

1

> **HRRG has not reported this account to any credit bureau. However, you should be aware that if the account is sold or transferred, either the new agency; the new owner; or ARS may choose to report this account as a delinquent debt to the major credit bureaus.**

(*Id.* ¶ 14 and Ex. A) (emphasis added). Plaintiff alleges he "has been harassed and misled by Defendant's collection actions, subjecting him to the threat of concrete harm." (*Id.* ¶ 19).

According to Plaintiff, HRRG violated 15 U.S.C. §§ 1692d, e, and f, in that the letter "told Plaintiff that as many as three different companies could choose to report the subject consumer debt to the credit agencies," and is written "with the goal of causing him worry that he may face negative consequences if the subject consumer debt was assigned to a different agency." (*Id.* ¶¶ 21, 23). Plaintiff seeks statutory and actual damages, costs, and attorney's fees. (*Id.* ¶ 24).

## II.     Standard of Review

In interpreting whether the July letter is misleading under the FDCPA, the Seventh Circuit applies an objective test and looks at the letter from the perspective of an "unsophisticated consumer or debtor." *See Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2015). "The unsophisticated consumer is 'uninformed, naïve, [and] trusting,' but possesses "'rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences.'" *Williams v. OSI Educ. Servs.*, 505 F.3d 675, 678 (7th Cir. 2007) (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Notably, the Seventh

Circuit has explicitly rejected the *least* sophisticated debtor standard adopted by other jurisdictions. *Id.* Thus, in applying this standard, the court looks at whether the letter "'could confuse a substantial number of recipients.'" *Id.* (quoting *Taylor v. Calvary Inv., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004)).

The court conducts its review of HRRG's July letter mindful of the procedural posture of this case. A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. When resolving a motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *United Central Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).

### III. Discussion

#### A. Claims under 15 U.S.C. §§ 1692e (6)(A) and e(10)

Plaintiff claims that HRRG violated 15 U.S.C. §§ 1692e(6)(A) and (10). Section 1692e(6)(A) prohibits "false representations or implications that a sale, referral, or transfer of any interest in a debt shall cause the consumer to . . . lose any claim or defense to payment of the debt." Section 1692e(10) more generally prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Plaintiff first argues that the letter is deceptive and misleading because, "under the guise of full disclosure," it informed Plaintiff that the consumer debt could be sold or transferred to another party of interest. (Filing No. 15, Plaintiff's Response at 4). This implies, he argues, that "a sale or transfer of the account might change the status of the debt." (*Id.*). By this implication, Plaintiff alleges, the letter was intended "to create a fear in Plaintiff that negative consequences would follow." (*Id.*).

Plaintiff's argument is not persuasive. The unsophisticated consumer, reading the letter carefully, would reasonably understand exactly what the letter stated—that HRRG is considering selling or transferring the debt. There is nothing confusing nor misleading about that truthful statement.

Plaintiff next argues that the July letter is misleading because it implies that HRRG is not authorized to report the debt to credit bureaus:

> [HRRG] further uses deceptive and misleading means by invoking the potential of one of the other parties of interest reporting the account as delinquent debt to the major credit bureaus. While it is true that any of these new parties of interest could report the account as delinquent debt to the major credit bureaus after the hypothetical sale or transfer, so too is it true that [HRRG] could have reported the account to the major credit bureaus as well.

(*Id.* at 4). Again, the court finds an unsophisticated consumer would not be misled by the July letter. In stating that it "has not reported this account to any credit bureau," the July letter implies HRRG could have reported the debt but did not do so. It then states that if it sells or transfers the debt to another entity, those entities (including ARS) may report the debt. A substantial number of recipients would not be confused or misled by this letter.

4

Moreover, even if the letter could be interpreted as creating an implication that a sale or transfer could change the status of the debt, the letter would not violate Sections 1692e(6)(A) and (10) of the FDCPA. As noted above, a debt collector is prohibited from giving the false impression that a sale or transfer will cause the debtor to (1) lose any claim or defense to payment of the debt, or (2) become subject to any practice prohibited by the FDCPA. The Complaint contains no allegations by Plaintiff that the letter gives the false impression that Plaintiff will lose any claim or defense, or will be subject to a practice prohibited by the FDCPA. Plaintiff, therefore, fails to state a plausible claim for relief under 15 U.S.C. §§ 1692e(6)(A) and (10). Accordingly, those claims are dismissed.

B.   Claims under §§ 1692d and f

Plaintiff also alleges violations of Section 1692d and f "generally, and not under any of the enumerated provisions." (Response at 6). Section 1692d[1] prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692f,[2] in turn, prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect on any debt."

---

[1] The type of conduct contemplated by Section 1692d includes "threat[s] of violence . . . to harm the physical person, reputation, or property of any person"; "the use of obscene or profane language the natural consequence of which is to abuse the hearer or reader"; and "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

[2] The type of conduct considered unfair or unconscionable by Section 1692f includes "[t]he collection of any amount unless such amount is expressly authorized by the agreement creating the debt"; [d]epositing or threatening to deposit any postdated check or other postdated payment

5

Plaintiff argues that HRRG crafted the letter "in a way that preys on the ignorance of an unsophisticated consumer." (Response at 6). As an example, he continues, HRRG cherry-picked which information to disclose and not disclose in an effort to "coerce him into making an immediate payment in order to prevent the actions [HRRG] 'warned' of." (*Id.*).

HRRG is owed a debt from Plaintiff; this is undisputed. HRRG would like to get paid, but despite its efforts to collect, at least part of the balance remains outstanding. Informing Plaintiff that it may sell or transfer the debt to a third party, and that the third party may then report the debt to a credit bureau, is factually correct, and is not harassing, oppressive, abusive, unfair, or unconscionable within the meaning of Section 1692d or f. Thus, Plaintiff's allegations fail to state a plausible claim for relief under Sections 1692d or f. Those claims must be dismissed.

## IV. Conclusion

The court finds Plaintiff fails to state a claim for violations of the FDCPA under Section 1692e, d, or f. Therefore, HRRG's Motion to Dismiss (Filing No. 9) is **GRANTED**. Plaintiff has 14 days from the date of this order to amend his Complaint. Failure to do so will result in a dismissal of the Complaint with prejudice.

**SO ORDERED** this 4th day of May 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

instrument prior to the date on such check or instrument"; and [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property."

Distributed Electronically to Registered Counsel of Record.